# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NATALIE RAMSEY, an individual, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 11-CV-353-TCK-PJC |
| JEANMARIE CREATIONS, LLC, a foreign company, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is Defendant's Motion for Partial Summary Judgment (Doc. 9), wherein Defendant moves the Court for summary judgment on Plaintiff's claim under the Family and Medical Leave Act ("FMLA"). Defendant argues that it is not covered by the FMLA because it did not have the requisite number of employees. The motion for partial summary judgment was filed in advance of discovery or the Court's entry of a scheduling order. Plaintiff's counsel responded by submitting an affidavit pursuant to Federal Rule of Civil Procedure 56(d), stating that Plaintiff needs discovery on the FMLA coverage question before responding. Plaintiff urges the Court to deny the motion for summary judgment or defer her response deadline until after the close of discovery.

Rule 56(d) provides:

> (d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
> (1) defer considering the motion or deny it;
> (2) allow time to obtain affidavits or declarations or to take discovery; or
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Under Rule 56(d), summary judgment should be refused where the nonmoving party has not had the opportunity to discover information that is essential to his

opposition. *Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1235 (10th Cir. 2007). Rule 56(d)'s protection arises if the nonmoving party files an affidavit explaining why he or she cannot present facts to oppose the motion. *See id.*

Plaintiff has demonstrated that she cannot present facts essential to justify her opposition to the motion without Defendant's records regarding its number of employees. Defendant's entire motion is based upon an affidavit of its Director of Finance and Administration, and Plaintiff has no meaningful ability to assess the accuracy of this affidavit without discovery of Defendant's records. Defendant argues that Plaintiff should have submitted her own affidavit stating that, based on her information and belief, Defendant has less than the requisite number of employees. However, the Court will not place this type of burden on a plaintiff who worked as a graphic designer for a short time. Plaintiff's counsel is entitled to conduct his own investigation into Defendant's records prior to responding to this motion. Further, the affidavit submitted by Defendant does not state how many qualifying employees it does have, rendering the Court unable to assess the reasonableness of Plaintiff's request for discovery. Assuming Defendant's count is 49, Plaintiff clearly needs discovery to assess the accuracy of Defendant's asserted fact.

At this juncture, the parties have conducted some discovery, and it is likely that Plaintiff now has the information necessary to respond to the motion. Because ruling upon this motion could avoid further litigation on the merits of the FMLA claim, the Court exercises its discretion to defer ruling on the motion rather than require Defendant to re-urge the motion following the close of discovery.

Therefore, the Court defers ruling on Defendant's Motion for Partial Summary Judgment (Doc. 9). Plaintiff is ordered to file a response or a notice that the motion is not opposed no later

2

than Wednesday, August 15, 2012. If Plaintiff does not yet have the requisite discovery, Plaintiff shall notify the Court by August 3, 2012 and shall propose a response and reply deadline.

SO ORDERED this 30th day of July, 2012.

_____
**TERENCE KERN**
**United States District Judge**